**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

JOHNATHON REED ROMERO
PLAINTIFF

CASE NO. 6:25-CV-1165

VS.

CITY OF CROWLEY, ET AL
DEFENDANTS

**RULE 26(f) CASE MANAGEMENT REPORT**

A meeting of counsel (and any unrepresented parties) was held on June 19, 2026 at 9:30 am by telephone. The following persons participated:

I. Jason Reed and Spencer Chism attorneys on behalf of the following defendants:

a) City of Crowley

b) Troy Hebert

c) Jerry Braun

d) Logan Campbell

e) Christopher Guillory

f) Devin Hebert

g) Hunter Leger

h) Ryan Temple

i) Timothy Terro (hereafter collectively "the City Defendants")

II. Stuart Bowie attorney on behalf of the following defendants and Brandon Romero reconventional demand:

a) Brandon Romero

b) Brooklyn Hebert and

c) Brittney Hebert

III. Sean Rabalais attorney on behalf of Johnathon Reed Romero

IV. Did not participate- Katina Sonnier- She was served with Petition for Damages but has not filed Responsive Pleadings and undersigned presently does not have her phone number or contact information. A letter was mailed to her service address advising of the conference.

1. **Nature of Plaintiff's Claim:** *(Identify the basic nature of Plaintiff's primary claim. For example, "employment discrimination (sex)," "personal injury (slip and fall)," "civil rights (excessive force)," "copyright infringement (software)" or "breach of contract (oil and gas)." Do not summarize or restate the allegations of the complaint.*

   a) Civil Rights Violations (42 USC sec 1983)
   b) Violation of 14th Amendment due process
   c) Civil negligence
   d) Destruction of Public Records
   e) Defamation
   f) Malicious Prosecution

   And Brandon Romero has a reconventional demand against Johnathon Romero for defamation.

2. **Bench or Jury Trial:** *(Has any party demanded a trial by jury? If so, identify the pleading containing the jury demand.)*

   Jury Trial. *See* ECF Doc. 14.

3. **Initial Disclosures:** *(Have the parties exchanged initial disclosures? If not, explain.)*

   Yes, plaintiff has forwarded Initial Disclosures to Defendants.

   Yes, the City Defendants have forwarded Initial Disclosures to the parties.

   Yes, the other defendants have forwarded Initial Disclosures to the parties.

4. **Jurisdiction:** *(Does any party challenge the court's subject matter jurisdiction over this case? If so, briefly explain the basis for the challenge.)*

   The City Defendants reserve the right to challenge this Court's subject matter jurisdiction over claims regarding the alleged destruction and/or lack of production of public records. La. R.S. 44:35 provides the exclusive remedy for enforcement regarding the production of public records in Louisiana, which, by statute, only allows for claims to be brought "in the district court for the parish in which the office of the custodian is located".

5. **Joinder of Parties and Amendment of Pleadings:**

   *A. Does any party anticipate seeking leave to amend a pleading or add a party?*

   There is a fair chance that an amended pleading may be necessary for the plaintiff.

The City Defendants reserve the right to allege additional affirmative defenses as discovery progresses.

*B. If so, describe briefly the anticipated amendments and identify any potential new parties and the nature of the claim against them.*

May be needed to clarify or correct causes of action or defendants named.

*C. State a proposed deadline for all amendments. If any party requests a deadline that is more than 30 days after the date of the scheduling conference, provide a detailed explanation.*

Proposed deadline to amend December 1, 2026.

6. **Discovery Issues:** *(Absent stipulation or leave of court, the court will enforce the limitations on discovery in the F.R.C.P., including no more than 10 depositions per side [Rule 30(a)(2)]; each deposition is limited to one day of seven hours [Rule 30(d)(2)]; and no more than 25 interrogatories per party [Rule 33(a)]. With those rules, and the issues identified in F.R.C.P. 26(f)(1)-(4), in mind:)*

*A. Each party shall briefly describe (i) any discovery disputes the party anticipates may arise and (ii) any relief the party requests from the court in connection with the discovery issues.*

It is anticipated that plaintiff will have difficulty getting all of the requested body cam and requested records from Crowley Police Department. (Destruction of Public Records is alleged).

*B. State a proposed deadline for completion of all discovery. If any party requests a deadline that is more than 5 months after the date of the scheduling conference, provide a detailed explanation.*

May 1, 2027. The reason for the date more than 5 months after scheduling conference is because of the volume of records needed from Crowley Police, the number of defendants, and the amount of depositions needed.

7. **Motion Practice:**

*A. Identify all pending motions.*

There is a pending Rule 12(b)(6) motion to dismiss, which Magistrate Judge Whitehurst has issued a Report and Recommendation on.

*B. Does either party anticipate filing a case dispositive motion? If so, (i) identify the proposed motion and (ii) state a proposed deadline for dispositive motions.*

Plaintiff: Possibly depending on the discovery results. It is reasonably anticipated that plaintiff may file a Motion for Summary Judgment or Partial Motion for Summary Judgment on any of the causes of action listed above (if appropriate).

City Defendants: It is possible the City Defendants may file dispositive motions, depending upon the development of the matter during discovery.

8. **Alternative Dispute Resolution:** *(In accordance with Local Rule 16.3.1 and 28 U.S.C. ' 652, the parties must consider the use of alternative dispute resolution (ADR). State the position of the parties on whether this case is amenable to ADR and, if so, what form of ADR is considered most appropriate.*

Plaintiff is willing to have a mediation.

The City Defendants may be willing to participate in mediation, but the City Defendants would like to first proceed with discovery before making a final determination of same.

9. **Related Cases:** *(Is this case related to another case pending in the Western District of Louisiana? If yes, give the name, docket number and a brief description of the other case.*

None.

10. **Trial by Magistrate Judge:** *(Do all parties consent to trial before the assigned magistrate judge?)*

Plaintiff would prefer Judge but would consider Magistrate if necessary (for trial docket reasons if needed).

The City Defendants are not authorized to consent to trial before the Magistrate Judge.

Signature of Attorney for Plaintiff

Signature of Attorney for City Defendants

Stuart Paul Bowie
Signature of Attorney for Defendants

Respectfully Submitted:
**GABE A. DUHON, LLC**

*s/Sean P. Rabalais*

GABE A. DUHON (La. Bar No.30482)

SEAN RABALAIS (La. Bar No. 28410)
105 Tivoli Street
Post Office Box 478
Abbeville, Louisiana 70511-0478
Telephone (337) 893-3423
Facsimile: (337 893-3510
gaduhon@vermilionlawyers.com
srabalais@vermilionlawyers.com
*Attorneys for Johnathon Romero*

**Certificate of Service:**

I do hereby certify that on this 28th day of July 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served using the CM/ECF system.

_*s/Sean Rabalais*_________
Sean P. Rabalais